Swing, J.,
This is an action in error to the judgment of the Court of Common Pleas. In that-court the plaintiff in error was adjudged guilty of a contempt of court, and ordered committed to the county jail, there to remain until he purged -himself of the contempt of the court by complying with certain orders of the court heretofore made by it. The record «discloses these facts: On August 12th, 1895, Emma Effinger was by the decree of the court granted a divorce from said Robert J. Effinger, and said Robert was decreed to pay to her alimony to the amount of $25 per month from the 6th of July, 1895, also $50 as attorneys’ fees to her attorneys. On November 18th, 1895, a motion was filed in said court to *390 issue a citation against said Robert J. Effinger, to show cause why he had not complied with said decree,[and on November 23rd said order was issued.
February 11, 1896, charges of contempt were filed.
February 15, 1896, trial was had, and the court found the defendant guilty. A bill of exceptions was filed embracing all the evidence, and the case is here on error on the ground that the judgment is against the law and the evidence. The only evidence offered on the trial was the record of the decree above referred to, and the affidavit of said Emma Effinger sworn to January 7th, 1896, in which she says that Robert had failed and neglected to pay the installments of alimony due October 6, November 6, December 6, 1895, and January 6, 1896.
It seems to us that the ecurt erred iix permitting the affidavit of Emma Effinger to be read on the trial,
Section 5263 provides that “an affidavit may be used to verify a pleading, to prove the service of the summons, notice or other process in aix action, to obtain a provisional remedy, an examination of a witness, a stay of proceedings, or upon a motion aixd in any other case permitted by law.”
Proceedings in contempt under our code are not provisional remedies, but are special proceedings. Section 5644 provides that “upon the day fixed for the trial the court shall proceed to investigate the charge and shall hear aixy answer or testimony which the accused may make or offer.” This section it seems to us, contemplates a trial on such evidence as is competent in ordinary trials before the court. The party accused should, we tnink, have the right to meet the witnesses for the prosecution face to face, and the opportunity to cross examine.
There is no provision in the chapter on contempt which states that affidavits may be used.
■ Burch & Johnson, attorneys for Mrs. Effinger.
Shay, Johnson & Cocyan, for Mr. Effinger.
In addition to the foregoing objection, it might well be held that even if affidavits could be used, the affidavit in this case does not show conclusively that the accused was at the time of the trial guilty of contempt. The affidavit was given January 7, 1896, and the trial was not until February 1, 1896. It may be that in the meantime the accused had' paid the full amount due. The party is adjudged guilty of the contempt, not that he did not pay the amount of the alimony prior to January 7, 1896, but because he had not paid all the installments due up to the time of the trial, viz., February 1, 1896, when the only evidence was the affidavit of January 7, 1896. It seems to us that a judgment like the one before us should rest upon the facts that existed at the time of the trial.
We are further of the opinion that section 5646, which provides “When the contempt consists in the omission to do an act which is yet in the power of the accused to perform, he may be imprisoned until he performs it,” contemplates that the court, before imprisoning for failure to perform, should find the accused capable of performing, unless the court should find that the accused fraudulently put it out of his power to perform. This disposes of the question before us on the record.
Our opinion is that upon sufficient evidence the court has the power to imprison for contempt on failure to pay alimony. It is not a debt, and an imprisonment for failure to perform is not against the provisions of our constitution or our statutes. Numerous authorities in other states and the text books fully sustain this holding.
The judgment will be reversed, and the cause remanded for further proceedings.